# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROOSEVELT McDONALD,

      Petitioner,                      :        Case No. 1:09-cv-589

                                              Chief Judge Susan J. Dlott
    -vs-                                      Magistrate Judge Michael R. Merz

                                           :

Warden, Chillicothe Correctional Institution,

      Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case is before the Court for decision on the merits. Petitioner pled guilty in the Hamilton County Common Pleas Court to one count of involuntary manslaughter and one count of felonious assault. He was sentenced to eight years imprisonment on the first count and five years on the second, with the sentences to be served consecutively.

       Petitioner pleads one ground for relief:

> The appellant stated that he was denied due process and equal protection of law because he was sentence[d] to allied offense[s] which were ran [sic] consecutively [as] opposed to concurrently in violation of the U.S. Constitution, Amendment 14. (Ohio Supreme Court) I raised that appellate court denied me due process and equal protection when it affirmed the trial court's clearly erroneous sentence, without given [sic] anything more than a personal opinion.

(Petition, Doc. No. 8, PageID 56.)

       Respondent has filed a Return of Writ with attached documents from the state court record. Petitioner has filed both a formal Reply (Doc. No. 16) and two Requests for Judicial Notice[1] which

---

[1] Under Fed. R. Evid. 201, a federal court may take judicial notice of certain adjudicative facts under prescribed circumstances. Mr. McDonald does not ask the Court to take notice of

argue his case.

Petitioner's claim, as the Court understands it, is that he has been sentenced on two allied offenses of similar import – involuntary manslaughter and felonious assault – involving the same victim.  Mr. McDonald claims this violates Ohio Revised Code § 2941.25 and because of that also violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Mr. McDonald was indicted on two counts of the murder of Kesha Hogan, one in violation of Ohio Revised Code § 2903.02(A)(purposely causing death) and one in violation of Ohio Revised Code § 2903.02(B)(causing death as a proximate result of committing felonious assault).  The plea agreement provided that the State would reduce Count One to involuntary manslaughter and Count Two to felonious assault on condition Mr. McDonald plead guilty to both counts (Entry, Exhibit 3 to Return of Writ, Doc. No. 15, PageID 105).  In the same Entry, Mr. McDonald agreed to a sentence of eight years on Count 1 and five years on Count 2; "counts 1 and 2 are to be served consecutive to each other.  Total prison sentence is 13 years."  This specific paragraph on the agreed sentence is initialed by Mr. McDonald (Transcript, Return of Writ, Doc. No. 15, PageID 14). During the plea colloquy with Judge Cooper, Mr. McDonald acknowledged orally that the proposed agreed sentence was thirteen years (Transcript, Ex. 21 to Return of Writ, Doc. No. 15, PageID 177.) Through counsel Petitioner waived a reading of the underlying facts and "stipulate[d] that the facts constitute a violation of involuntary manslaughter and also felonious assault under the Revised Code."  Id.. at PageID 178.  Mr. McDonald acknowledged that the sentencing range for involuntary manslaughter was three to ten years, that the range for felonious assault was two to eight years, and that the sentences could be run concurrently or consecutively.  Id.. at PageID 182-183.  Judge Cooper then proceeded to impose the agreed sentence.

---

"new" facts particular to his case, but rather the fact of various court decisions which he claims are important to the decision.

2

Mr. McDonald then appealed to the First District Court of Appeals, raising the same claim he makes here.  The Court of Appeals decided his assignment of error as follows:

> Though the two offenses he pleaded guilty to could have been allied offenses of similar import, the state of the law was in flux at the time of his sentencing .  And because this case involved a guilty plea, there are not sufficient facts in the record to determine that issue. But the parties made a plea agreement-with an agreed proposed. sentence of 13 years. Now, McDonald seeks to have his cake and eat it too. He wants one benefit of his plea bargain-he does not wish to withdraw his guilty plea because his murder charge would be back on the table. Yet he wants to forego the part of his plea bargain that called for consecutive sentences for the two charges.  He cannot have it both ways.
>
> At the hearing below, McDonald did not object to his convictions or his sentences-in fact, he and the state proposed the convictions as a plea bargain. Thus, he has invited any claimed error.  And the record does not demonstrate the alleged error. We therefore affirm the trial court's convictions and sentences.

(Judgment Entry, Ex. 16 to Return of Writ, Doc. No. 15, PageID 159.)

Respondent asserts that Petitioner has procedurally defaulted on his claim for the reasons stated by the Court of Appeals.  The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who

3

fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001); *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d*,* at 138.

Respondent claims that Petitioner procedurally defaulted his claim by failing to object at the time the consecutive sentences were imposed and failing to include sufficient facts in the record to allow the Court of Appeals to find whether these were allied offenses of similar import (Return of Writ, Doc. No. 15, PageID 93.)

Ohio certainly has a contemporaneous objection rule requiring that a party object to error in the trial court when it occurs and can still be corrected. *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998). This rule is an adequate and independent state ground of decision. is an adequate and independent state ground. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). The Ohio Supreme Court has explicitly applied the contemporaneous objection rule to failures to object that convictions are for allied offenses of similar import. *State v. Coman,* 50 Ohio St. 3d 206 (1999).

In its opinion, the Court of Appeals referred to the invited error doctrine instead of the contemporaneous objection rule (Judgment Ex. 16 to Return of Writ, quoted *supra* and citing *State v. Bey*, 85 Ohio St. 3d 487 (1999)). But invited error, at least of the sort involved here, also involves a failure to object. That is, not only does the party fail to object, but he or she also participates in creating the error. For example, in the *Bey* case, the defendant in a capital case was prohibited from complaining about a jury instruction which he himself had requested. *Bey*, 85 Ohio St. 3d at 492-493. Citations in the *Bey* case show that the invited error doctrine is well-established. *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St. 3d 20 (1986), paragraph one of the syllabus; *State v. Seiber*, 56 Ohio St. 3d 4, 17 (1990). If the State has a strong interest in the contemporaneous objection rule – as the Sixth Circuit has repeatedly held – it has an even stronger interest in the invited error doctrine. Thus Petitioner procedurally defaulted in presenting his allied offenses claim because he bargained for and agreed to separate consecutive sentences on the two offenses to which he pled guilty.

The Court of Appeals also enforced against Mr. McDonald another procedural default, to wit, his failure to include in the record sufficient facts from which it could have decided whether the two offenses were allied offenses of similar import. In his Brief on appeal, Mr. McDonald claims he "committed a single act." (Brief, Ex.12 to Return of Writ, Doc. No. 15, PageID 137.) Ohio Revised Code § 2941.25(A) provides "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Mr. McDonald asserts that the underlying conduct is "one act," but there is no factual basis in the record for the Court of Appeals to decide that. What does "one act" mean? A man could pull a woman from a car, drag her down the steps into a nearby basement, rape her several times, then strangle her to death. He might describe his conduct as "one act," but under Ohio Revised Code § 2941.25 he could be found separately guilty of kidnapping, several counts of rape, and felony murder. The Magistrate Judge does not intend to suggest that this was what Petitioner did. The point is that neither this Court nor the Ohio Court of Appeals know what the underlying facts were and this is precisely because Petitioner waived a reading of those facts. A court of appeals can and will decide a case only on the basis of facts in the record. When Petitioner failed to place before the Court of Appeals the actual facts of his conduct, he precluded them from determining whether his conduct consisted of "one act."

The rule that courts of appeals will only decide cases on the basis of facts in the record is fundamental in American jurisprudence. The Court of Appeals here plainly enforced that rule against Mr. McDonald. The States have a strong interest in enforcement of that rule; otherwise intermediate courts of appeal would become second-level trial courts and there would be a need for far more of them than presently exist.

Because Petitioner's claim is procedurally defaulted, the Court does not reach the merits of

6

his claim. However, even if it were to do so, this Court is in no better position to find a violation of Ohio Revised Code § 2941.25[2] than the Court of Appeals because we also have no underlying facts.

## Conclusion

Because Petitioner procedurally defaulted in presenting his claims to the state courts and has shown no excusing cause and prejudice, his Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, he should be denied any requested certificate of appealability and the Court should certify that any appeal would be objectively frivolous and should not be allowed to proceed *in forma pauperis*.

August 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

---

[2] Assuming for the sake of argument that a violation of § 2941.25 would also violate the Constitution.

7